George T. **MARTIN**, Jr., Appellant,

v.

BEN P. **EUBANK LUMBER COMPANY**,
Appellee.

Court of Appeals of Kentucky.

Oct. 1, 1965.

Rehearing Denied Nov. 26, 1965.

Robin Griffin and Miller, Griffin & Marks, Lexington, for appellant.

F. Selby Hurst, Thomas H. Burnett, Lexington, for appellee.

HILL, Judge.

Appellant seeks to reverse a judgment entered pursuant to the verdict of the jury in his suit for a discount of ten per cent of the amount of building materials furnished him by appellee under a verbal contract.

■ Appellant complains the trial court erred in: (1) Refusing to require appellee to disclose the names of other persons dealing with appellee and the nature of their contracts, and (2) instructing the jury.

Appellant contends it was agreed he should have ten per cent discount on the amount of materials purchased from appellee. Appllee denies there was such agreement. Appellant contends only Ben P. Eubank, Jr. was present when the agreement was reached. Appellee contends there were two other persons present.

The interrogatories filed by the appellant sought the names of other persons to whom appellee sold building supplies, as well as the nature of contracts under which such materials were so furnished. Appellee answered these interrogatories in part by admitting that some persons purchasing supplies were given discounts but declined to give the names of such customers. Appellant contends KRS 355.1–205 makes competent such evidence. With this contention we do not agree. Certainly, "course of dealing between parties" and "any usage of trade" may be competent to explain any ambiguities in a contract; this does not mean that a course of dealing or trade usage may be used to make a contract between parties. In the present case, the whole issue is whether or not there was an agreement to give appellant ten per cent discount on his purchases. The term "ten per cent" is a plain term requiring no trade usage or custom to determine its meaning. We conclude appellant was not entitled to this information.

■ Appellant complains that he was entitled to a directed verdict for $180, which represents ten per cent of the amount he actually paid on his account. Appellee admits it sometimes gave some of its customers a ten per cent discount but only when the full amount of the account was paid before the 10th of the month following purchases. Assuming for the purpose of discussion there was an agreement to give appellant a ten per cent discount on his purchases, the evidence in this case shows that at the time he paid $1,800 on his account to appellee he owed more than $8,000; and according to the testimony and the findings of the chancellor, the ten per cent discount was only given to persons who paid their accounts before the 10th of the month following the date charged.

So, we have a finding by the chancellor of a question of fact. The rule that such findings will not be disturbed unless clearly erroneous is well settled. CR 52.01. We do not think that the findings of the chancellor were clearly or at all erroneous. It is admitted that beginning late in 1962 and continuing through October 1963 appellant was sent itemized statements of his account showing the items charged to the separate houses under construction. During this period, according to the testimony, appellant paid approximately $16,000 on his account without raising any question concerning the ten per cent discount claimed herein.

We think the appellant's objection to the instruction is without merit because the jury was used by the chancellor in an advisory capacity only. He had the power to give the verdict such weight as he saw fit, even to the extent of ignoring it. Twyford v. Huffaker, Ky., 324 S.W.2d 403 (1958); Yance's Adm'r v. Foreman, 7 Ky.Op. 158.

The judgment is affirmed.